**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EULA WINDOM,**
          **Plaintiff,**

**-vs-**                                      **Case No. 6:09-cv-631-Orl-28GJK**

**CITY OF WINTER GARDEN, WINTER**
**GARDEN POLICE DEPT., TERRENCE**
**DEMPS, JASON PEARSON,**
          **Defendants.**
_____

# ORDER

This cause is before the Court on the "Motion to Dismiss Plaintiff's Second Amended Complaint/Motion for More Definite Statement" (Doc. 19) filed on June 29, 2009 by Defendants, City of Winter Garden ('the City"), Officer Terrence Demps ("Demps"), and Officer Jason Pearson ("Pearson"). Plaintiff, Eula Windom ("Windom"), has filed a "reply" (Doc. 21) to the motion, and the matter is now ripe for adjudication.

## I. Legal Standard[1]

"A pleading that states a claim for relief must contain . . . a short and plain statement

---

[1] Defendants argue that the standard for a 12(b)(6) motion to dismiss is that such a motion should not be granted unless "it appears beyond doubt that the Plaintiff can prove no set of facts in support of [her] claims." (Doc. 19 at 3 (quoting Geidel v. City of Bradenton Beach, 56 F. Supp. 2d 1359, 1362-63 (M.D. Fla. 1999))). However, that standard, which originated with language in the U.S. Supreme Court's 1957 decision in Conley v. Gibson, 355 U.S. 41 (1957), was abrogated by the Supreme Court more than two years ago. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) (abrogating Conley and noting that "[w]e could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). The correct standard is as noted in the "Legal Standard" portion of this Order.

of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## II. Facts and Analysis

According to the Second Amended Complaint, Officers Demps and Pearson stopped Windom on February 4, 2005 without any probable cause or well-founded suspicion as she was walking down the street after they had observed an individual standing nearby throw a paper bag on the ground. (Second Am. Compl. ¶¶ 7, 12). Pearson—without indicating his reason for the stop—directed Windom to place her hands against the wall and ordered Demps to "pat her down for weapons and drugs." (Id. ¶¶ 8-9). Windom claims that during this pat down, Demps—a male police officer—placed his hands under Windom's clothing and inside her bra in violation of a Winter Garden Police Department policy requiring that female officers search female detainees if there is a female officer on duty.[2] (Id. ¶¶ 10-

---

[2]Windom further alleges that neither officer requested that a female officer respond to the scene despite three female officers being on duty at the time. (Second Am. Compl.

11).

On February 3, 2009, Windom filed a four-count complaint against Defendants in state court. (Doc. 2). Defendants removed the action to this Court on April 10, 2009, (Doc. 1), and Windom then filed her First Amended Complaint on April 20, 2009, (Doc. 13). On June 1, 2009, this Court dismissed the Amended Complaint without prejudice. (Doc. 16). Thereafter, Windom filed her Second Amended Complaint (Doc. 18) on June 19, 2009, alleging four counts: (1) Count I—a claim of battery against Demps in his individual capacity; (2) Count II—a claim of intentional infliction of emotional distress against Demps and Pearson in their individual capacities; (3) Count III—a § 1983 claim against the City of Winter Garden; and (4) Count IV—a § 1983 claim against Demps and Pearson. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants now move to dismiss the Second Amended Complaint, arguing that Windom has "failed to clearly state a federal claim that can be supported against the [Defendants]." (Doc. 19 at 4). In the alternative to a Rule 12(b)(6) dismissal, Defendants request that the Court order a more definite statement of the claims pursuant to Rule 12(e). (Id. at 3).

In their motion, Defendants present several arguments as to why the Second Amended Complaint should be dismissed. Defendants assert that Windom improperly brings her claims under the Fifth Amendment because the federal government played no role in the incident in which the alleged misconduct took place.[3] In her response, Windom

---

¶ 10).

[3]Defendants also argue that Windom's Second Amended Complaint is flawed in that it asserts a claim under the Fourteenth Amendment. Defendants state that the Fourteenth

concedes that the Fifth Amendment is inapplicable to her claims and requests that the Court strike all reference to the Fifth Amendment from the Second Amended Complaint pursuant to the Court's authority under Federal Rule of Civil Procedure 12(f) or, alternatively, allow Windom to amend the Complaint and remove this language. (Doc. 21 at 2). The Court hereby strikes reference to the Fifth Amendment from Windom's Second Amended Complaint.

Defendants also request that the Court dismiss the Second Amended Complaint because Windom impermissibly seeks punitive damages. (Doc. 19 at 5). In Count III, Windom requests punitive damages against the City, (Second Am. Compl. at 7); in Count IV, Windom requests punitive damages against "Defendants"—presumably referring to Pearson and Demps though not specifically stated as so, (id. at 8); and in a section entitled "Demand for Damages," Windom "demands judgment against the Defendant, for compensatory and punitive damages," without clarifying from which defendant she seeks punitive damages, (id.).

"[P]unitive damages . . . are not recoverable against a municipality in a [§]1983 action," Murphy v. City of Flagler Beach, 846 F.2d 1306, 1309 (11th Cir. 1988) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)), nor has Florida waived

---

Amendment is "not applicable, since the courts have held that when a person is *seized* in violation of the [Fourth] Amendment, any use of force should be evaluated under the [Fourth] Amendment's *objective reasonableness standard*" and that Plaintiff's claims under the Fourteenth Amendment are unnecessary "and do no more than cloud the issues of this case." (Doc. 19 at 5 (emphasis in original)). Without the Fourteenth Amendment, however, Windom would be unable to assert her rights under the Fourth Amendment. See Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992) (stating that the Fourth Amendment is made applicable to the States via the Fourteenth Amendment).

sovereign immunity as to punitive damages against municipalities, Berek v. Metropolitan Dade County, 396 So. 2d 756, 759 (Fla. 3d DCA 1981) (precluding the recovery of punitive damages under section 768.28(5), Florida Statutes). In her response, Windom acknowledges that punitive damages are unavailable against the City and abandons her claim for such under Count III. Windom, however, maintains that her claim for punitive damages against Pearson and Demps is permissible as they were sued in their individual capacities. See Young Apartments, Inc. V. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir. 2008) ("In a § 1983 action, punitive damages are only available from government officials when they are sued in their individual capacities."). Because Windom abandons her claim for punitive damages against the City, the Court sees no reason to dismiss her Second Amended Complaint on this basis. However, the Court hereby strikes from the Second Amended Complaint Windom's reference to claims for punitive damages against the City.

Finally, Defendants request that this Court dismiss Windom's Second Amended Complaint because it lacks sufficient detail to meet the heightened pleading requirement applicable to § 1983 actions against government officials in their individual capacity. (Doc. 19 at 6-7). Though not a model of clarity, the Court finds that the Second Amended Complaint sufficiently identifies the alleged actions of the specific Defendants that conceivably constitute a constitutional violation.[4] More specificity regarding the precise chain of events can be developed as the case proceeds. Accordingly, Defendants' "Motion to Dismiss Plaintiff's Second Amended Complaint/Motion for More Definite Statement" (Doc.

---

[4]The Court, however, expresses no opinion as to whether any claims against the Defendants will survive a properly supported motion summary judgment.

19) is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 4th day of September, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party